GLD-173                                                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1696
_____

IN RE:  JOHNNY RAY CHANDLER,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 10-cv-02146)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 28, 2011

Before:  AMBRO, CHAGARES and GREENBERG, Circuit Judges

(Opinion filed: May 4, 2011 )
_____

OPINION
_____

PER CURIAM

Petitioner Johnny Ray Chandler seeks a writ of mandamus to compel the United

States District Court for the Middle District of Pennsylvania to reinstate his civil action.

Chandler is an inmate of the United States Penitentiary in Lewisburg, Pennsylvania.  We

will deny the mandamus petition.

In October 2010, Chandler submitted his complaint to the District Court.  He later

1

filed an application to proceed in forma pauperis ("IFP") along with a prisoner authorization form concerning the filing fee. On November 4, 2010, the District Court denied Chandler's motion to proceed IFP, noting that Chandler has incurred "three strikes" under 28 U.S.C. § 1915(g), and that he also failed to meet the statute's imminent danger exception. The District Court also vacated an administrative order previously issued, which had directed the prison warden to remit from Chandler's account, in monthly installments, the full amount of the filing fee. Further, the District Court dismissed the complaint without prejudice under section 1915(g) and directed the closure of the case. Chandler continued to file motions in the case, including a motion for reconsideration of the dismissal order. On December 6, 2010, the District Court denied Chandler's motions. Chandler filed a notice of appeal, which was docketed in this Court at C.A. No. 10-4628. On January 31, 2011, Chandler's appeal was dismissed for failure to timely prosecute for failure to pay the requisite fee as directed. In February 2011, Chandler returned to District Court and filed several motions, including a motion to consolidate fee payments with two of his previous cases, and a motion to reinstate the case. On March 1, 2011, the District Court denied Chandler's motions, noting that the matter had been dismissed under section 1915(g) and that the related appeal also had been dismissed for failure to prosecute. This mandamus petition followed. Chandler has also filed a motion for appointment of counsel.

In his mandamus petition, Chandler asks this Court to compel the District Court to reinstate his civil action. He contends that, although the action was dismissed for failing

2

to pay the filing fee, the action was dismissed without prejudice, and the fee is "now being paid in monthly installments pursuant to 28 U.S.C. § 1915(g)." Petitioner's Memorandum at 2. In further support, Chandler refers to deductions from his prison account,[1] as well as to the authorization form he submitted for the prison to remit payments to the District Court.

The remedy of mandamus is appropriate to aid this Court's jurisdiction in extraordinary circumstances only. See In re Chambers Dev. Co., 148 F.3d 214, 223 (3d Cir. 1998). To prevail, a petitioner must show, among other things, that there are no other available means to obtain the relief he seeks. Id. Essentially, Chandler seeks this Court's review of the District Court's denial of his motion to reinstate the case. Mandamus is not an alternative to an appeal; because of its drastic nature, "a writ of mandamus should not be issued where relief may be obtained through an ordinary appeal." Id. Moreover, mandamus petitioners must show a "clear and indisputable" right to the writ. See Kerr v. United States District Court, 426 U.S. 394, 403 (1976). Upon review of the District Court docket, there is no evidence that the filing fee, or any portion thereof,[2] has been paid. Chandler has not shown a clear and indisputable right to mandamus relief.

---

[1] Chandler's motion to reinstate, filed in District Court, contains a copy of his Inmate Transaction Receipt. This document reflects two PLRA-related deductions on February 1, 2011, but it does not specify any identifying case numbers.

[2] We note that, because the District Court denied Chandler's IFP motion in light of his three strikes and his failure to meet the imminent danger exception under section 1915(g), the installment payment provisions of section 1915(b) do not apply here.

For the foregoing reasons, we will deny the petition for a writ of mandamus. The motion for appointment of counsel is denied.